UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In the matter of the application of
STEVEN BANKS as Commissioner of Social
Services of the City of New York,

                Petitioner,

  - against -

For the appointment of a Guardian of the personal
needs and property management of
ADAM STEIGER a/k/a
ADAM KARTIGANER,
A person alleged to be incapacitated,

                Respondent.
---------------------------------------------------------------X
---------------------------------------------------------------X
In the matter of the application of
STEVEN BANKS as Commissioner of Social
Services of the City of New York,

                Petitioner,

  - against -

For the appointment of a Guardian of the personal
needs and property management of
ADAM STEIGER a/k/a
ADAM KARTIGANER,
A person alleged to be incapacitated,

                Respondent.
---------------------------------------------------------------X

**ORDER**
21-CV-1217 (RPK) (SJB)

21-CV-3745 (RPK) (SJB)

RACHEL P. KOVNER, United States District Judge:

      Petitioner Steven Banks, the Commissioner of Social Services for the City of New York, has initiated a guardianship proceeding pertaining to respondent Adam Steiger in the Supreme Court of the State of New York, Queens County. Petitioner alleges that respondent Adam Steiger is incapacitated and seeks to appoint a guardian for him pursuant to New York's Mental Hygiene

1

Law § 81.06(a)(6). Respondent filed two notices seeking to remove the guardianship proceeding to federal court. *See* Notice of Removal (Dkt. #1), *Banks v. Steiger*, No. 21-CV-1217; *see* Notice of Removal (Dkt. #1), *Banks v. Steiger*, No. 21-CV-3745. Respondent has filed motions to proceed *in forma pauperis* in both cases. *See* Mot. for Leave to Proceed in Forma Pauperis (Dkt. #7), No. 21-CV-1217, at 1; Mot. for Leave to Proceed in Forma Pauperis (Dkt. #2), No. 21-CV-3745, at 1.

Respondent's motions to proceed *in forma pauperis* are granted; his federal cases are consolidated; and the consolidated cases are remanded *sua sponte* to the Supreme Court of the State of New York, Queens County. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But the "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272,* 642 F.3d 321, 327 (2d Cir. 2011). Moreover, courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Morrison v. Seafarers Int'l Union of N. Am., AFL-CIO,* 954 F. Supp. 55, 56 (E.D.N.Y. 1996).

Respondent's actions are remanded because respondent has not established federal subject matter jurisdiction. Federal jurisdiction requires a federal question, 28 U.S.C. § 1331, or diversity of citizenship in a case arising under state law in which the amount in controversy exceeds $75,000, *id.* § 1332. No federal question is presented here because petitioner seeks the appointment of a guardian only on state law grounds. *See* Notice of Removal, No. 21-CV-1217, at 22-66; Notice

of Removal, No. 21-CV-3745, at 17-50; N.Y. Mental Hygiene Law § 81.06(a)(6); *In re Card*, No. 12-CV-114, 2012 WL 382730, at *1-2 (E.D.N.Y. Feb. 6, 2012); *In re Appointment of Smith*, No. 11-CV-2405, 2011 WL 2008512, at *2 (E.D.N.Y. May 20, 2011). While respondent suggests that petitioner has violated various provisions of federal law, *see* Notice of Removal, No. 21-CV-1217, at 5-6, a respondent's counterclaims cannot establish federal-question jurisdiction, *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002); *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). And diversity jurisdiction does not exist because both petitioner and respondent are domiciled in New York. *See* Notice of Removal, No. 21-CV-1217, at 22-23; Notice of Removal, No. 21-CV-3745, at 17-18.

Respondent argues that diversity exists because both his sister, the "closest living relative of respondent," and a trustee, the "real party of interest" in this matter, are domiciled outside of New York. Notice of Removal, No. 21-CV-1217, at 2-3; Notice of Removal, No. 21-CV-3745, at 2-3. But diversity jurisdiction requires "complete diversity," meaning that "all [petitioners] must be citizens of states diverse from those of all [respondents]," *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (quoting *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014)), and respondent is a citizen of New York.

To the extent that respondent argues that his citizenship should be disregarded because he is a nominal party, that argument fails. To be sure, the Supreme Court has held that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy," and so courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 218 (2d Cir. 2013) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980)). But a party is only "nominal" when "that party has little or no interest in the outcome of the

litigation and no cause of action or claim for relief is or could be stated against it." *Lucas v. Verizon Commc'ns, Inc.*, No. 20-CV-5542, 2021 WL 1226889, at *3 (S.D.N.Y. Mar. 31, 2021). Respondent has asserted an interest in avoiding being placed under guardianship, and the proceedings below are directed against him. *See* Notice of Removal, No. 21-CV-1217, at 4-7, 22-23; Notice of Removal, No. 21-CV-3745, at 4-7, 17-18. Accordingly, this action must be remanded for lack of jurisdiction.

## CONCLUSION

Respondent's guardianship proceeding filed under Index No. 724797/2020 is remanded to the New York State Supreme Court, County of Queens. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the Supreme Court for the Supreme Court, County of Queens. The Clerk of Court is also directed to mail a copy of this Order to Adam Steiger and to his appointed counsel:

> Mental Hygiene Legal Services
> 80-45 Winchester Blvd
> CBU 25, Building 73, 2nd Floor
> Queens Village, NY  11427

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. *In forma pauperis* status is therefore denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED:

                                                  */s/ Rachel Kovner*
                                             Rachel P. Kovner
                                             United States District Judge

Dated: Brooklyn, New York
       August 6, 2021